

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I.O.B. REALTY, INC.,

            Plaintiff,

   - against -

PATSY'S BRAND, INC. and
JOHN DOES 1-10,

            Defendants.

16 Civ. 7682 (LLS)

OPINION & ORDER

Defendant Patsy's Brand, Inc. ("Patsy's Brand") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss I.O.B. Realty, Inc.'s ("IOB Realty") complaint alleging trademark infringement for failure to state a claim upon which relief can be granted.

For the reasons that follow, the motion is denied.

### BACKGROUND[1]

The complaint (Dkt. No. 1) alleges the following:

IOB Realty is a New York corporation based in New York City. Id. ¶ 2. IOB Realty and its predecessors have continuously used the mark PATSY'S PIZZERIA for restaurant services since 1933. Id. ¶ 13. IOB Realty licenses the mark PATSY'S PIZZERIA to its Patsy's Pizzeria franchisees for use in restaurant services in the New York metropolitan area. Id. ¶¶ 2, 12-13. IOB Realty obtained U.S. Trademark Registration Number 2,213,574 for the mark PATSY'S PIZZERIA, but as a result of what IOB Realty

---

[1] For the purpose of this motion, the complaint's allegations are accepted as true.

-1-

alleges was "shenanigans" engaged in by Patsy's Brand's counsel, that registration was canceled. Id. ¶ 14.

Patsy's Brand is a New York corporation based in New York City. Id. ¶ 3. Patsy's Brand uses and licenses the marks PATSY'S OF NEW YORK and PATSY'S OF NEW YORK ITALIAN RESTAURANT for restaurant services in New York. Id. ¶ 4. Patsy's Brand obtained U.S. Trademark Registration Number 3,090,551 for the mark PATSY'S OF NEW YORK. Id. ¶ 11. Use of IOB Realty's mark PATSY'S PIZZERIA predates use of Patsy's Brand's mark PATSY'S OF NEW YORK. Id. ¶ 21.

The Trademark Office has denied two IOB Realty applications to register the mark PATSY'S PIZZERIA for restaurant services and franchising services because of Patsy's Brand's registration for the mark PATSY'S OF NEW YORK. Id. ¶ 17.

In a consolidated action brought in United States District Court for the Eastern District of New York by Patsy's Brand and non-party Patsy's Italian Restaurant, Inc. ("Patsy's Italian Restaurant"), in which IOB Realty was a defendant, Judge Irizarry ordered the restoration of "I.O.B. Realty, Inc.'s U.S. Trademark Registration No. 2,213,574 for non-stylized rendition of PATSY'S PIZZERIA for restaurant services." See Patsy's Italian Rest., Inc. v. Banas, 508 F. Supp. 2d 194, 221 (E.D.N.Y. 2007). The U.S. Patent and Trademark Office did not restore the registration at that time, choosing to await final disposition

of the case. Compl. ¶ 14.[2]

In ruling on a post-trial motion in that action, Magistrate Judge Reyes declined IOB Realty's invitation to order the cancelation of Patsy's Brand's registration for the mark PATSY'S OF NEW YORK. Id. ¶ 15.

Following an appeal, Judge Reyes ordered that Patsy's Brand and Patsy's Italian Restaurant "are required to refer to their restaurant services using the mark PATSY'S ITALIAN RESTAURANT" and IOB Realty and its Patsy's Pizzeria franchisees "are required to refer to their pizzeria services using the mark PATSY'S PIZZERIA." Id. ¶ 16; see Exhibit H to Defendant's Brief (Dkt. No. 12-8) at 4, quoting Patsy's Italian Rest., Inc. v. Banas, 575 F. Supp. 2d 427, 470-71 (E.D.N.Y. 2008), aff'd, 658 F.3d 254 (2d Cir. 2011).

IOB Realty sought an order from Judge Reyes holding Patsy's Brand in contempt for continuing to use the mark PATSY'S OF NEW YORK despite being ordered to use the mark PATSY'S ITALIAN RESTAURANT. Compl. ¶ 18. In a hearing on that application held on January 6, 2015, Judge Reyes reemphasized his prior order that Patsy's Brand was to use the mark PATSY'S ITALIAN RESTAURANT and Patsy's Pizzeria was to use the mark PATSY'S

---

[2] After the trial in that case, Magistrate Judge Reyes ordered the U.S. Patent and Trademark Office "not to restore trademark registration number 2,213,574 for the mark PATSY'S PIZZERIA for restaurant services (thereby superseding the prior restoration order of August 8, 2007 issued by the Honorable Dora L. Irizarry)." See Exhibit F to Defendant's Brief (Dkt. No. 12-6) at 2.

-3-

PIZZERIA. Id.; see Exhibit 4 to the Complaint (Dkt. No. 1-4). Patsy's Brand argued that disputes over the mark PATSY'S OF NEW YORK were beyond the scope of that case. Judge Reyes referred the matter to a special master who recommended against holding Patsy's Brand in contempt, noting, among other things, that "Plaintiffs [Patsy's Brand and Patsy's Italian Restaurant] apparently are not using the mark PATSY'S OF NEW YORK." Compl. ¶ 18; see Exhibit H to Defendant's Brief at 13-14. Accepting the special master's recommendation, Judge Reyes did not issue the requested contempt order. Compl. ¶ 18.

The registration for the mark PATSY'S OF NEW YORK was set to expire on May 19, 2016, and IOB Realty expected that the expiration would enable it to register its mark PATSY'S PIZZERIA. Id. ¶ 19. However, on August 5, 2016, after Patsy's Brand asserted that it was still using the mark PATSY'S OF NEW YORK in interstate commerce, the Trademark Office renewed the registration for that mark; with limited exception, renewing a trademark registration requires proof that the mark is in use in interstate commerce. Id. ¶¶ 19-20.

On September 30, 2016, IOB Realty commenced this action asserting that the continued use and the registration of the mark PATSY'S OF NEW YORK by Patsy's Brand promotes consumer confusion and infringes on its more senior mark PATSY'S PIZZERIA in violation of section 43 of the Lanham Act, 15 U.S.C. §

1125(a), and New York common law. Id. ¶¶ 21-30. IOB Realty seeks, among other things, compensatory and punitive damages to be determined at trial, an order enjoining Patsy's Brand from using the mark PATSY'S OF NEW YORK for restaurant services, and cancelation of U.S. Trademark Registration Number 3,090,551 for the mark PATSY'S OF NEW YORK. Id. at 7-8.

Patsy's Brand argues that the complaint must be dismissed for three reasons: (1) under 15 U.S.C. § 1065, its right to use the mark PATSY'S OF NEW YORK cannot be contested because it has been used continuously for five consecutive years subsequent to the date of registration, Defendant's Brief (Dkt. No. 12) at 7-8; (2) the doctrine of laches precludes IOB Realty from bringing this action more than ten years after the mark was registered, id. at 8-12; and (3) the complaint was brought against the wrong party because while Patsy's Brand owns the mark PATSY'S OF NEW YORK, it is Patsy's Italian Restaurant, and not Patsy's Brand, that operates the restaurant using that mark, id. at 12-13.

## DISCUSSION

### 1. Incontestability

Patsy's Brand argues that its right to use the mark PATSY'S OF NEW YORK cannot be contested because the complaint concedes that it has been registered for more than five years. Under 15 U.S.C. § 1065, an owner's right to use its "registered mark in commerce for the goods or services on or in connection with

-5-

which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable . . . ."

However, section 1065 provides that an owner's right to use a qualifying mark is incontestable "except to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark . . . ." 15 U.S.C. § 1065; see also 815 Tonawanda St. Corp. v. Fay's Drug Co., 842 F.2d 643, 646 (2d Cir. 1988), quoting Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co., 578 F.2d 727, 731 (8th Cir. 1978) ("the plain meaning of [the § 1065 exception] is that if a party has acquired common-law trademark rights continuing since before the publication of the federal registration, then to that extent the registration will not be incontestable."). Because IOB Realty alleges that it has acquired rights to the mark PATSY'S PIZZERIA under New York law continuing since before the publication of the registration for the mark PATSY'S OF NEW YORK, the complaint states a claim upon which relief can be granted.[3]

---

[3] While an incontestable mark may only be canceled for a ground listed in 15 U.S.C. § 1064(3) and (5) (e.g., if the mark becomes generic, is functional, has been abandoned, was obtained fraudulently, or is used to misrepresent the source of goods or services), the complaint seeks ten forms of relief other than cancelation of the mark PATSY'S OF NEW YORK. Compl. at 7-9.

-6-

Moreover, the mere fact that Patsy's Brand's mark has been registered for five years, which the complaint concedes, is not enough to establish incontestability. Patsy's Brand must show what the complaint does not allege, that its "registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce," 15 U.S.C. § 1065, and under the assertions by both sides in the submissions, that is a factual issue for trial.[4]

Patsy's Brand argues that the mark PATSY'S OF NEW YORK cannot infringe on IOB Realty's more senior mark PATSY'S PIZZERIA because the marks "are dissimilar on their face." Reply (Dkt. No. 15) at 8-9. However, apparently the trademark examiner disagrees. See Compl. ¶ 17. IOB Realty plainly alleges that "The continued existence of the Patsy's Brand registration for the mark PATSY'S OF NEW YORK blocks the two pending application of I.O.B. Realty at the Trademark Office from being allowed as registrations for the mark PATSY'S PIZZERIA for restaurant services and franchising services." Id.; see also Exhibits K and L to Defendant's Brief (Dkt. Nos. 12-11 and 12-12). Furthermore, IOB Realty alleges that Patsy's Brand's use of the mark PATSY'S OF NEW YORK "is likely to cause confusion or mistake and/or deceive the consuming public as to the affiliation and/or

---

[4] It appears from the complaint that as of May 2015, the special master found the mark PATSY'S OF NEW YORK not to be in use. See Compl. ¶ 18; Exhibit H to Defendant's Brief at 13-14

-7-

connection of the Defendant's services as originating from or being sponsored by the Plaintiff I.O.B. Realty when, in fact, they are not." Compl. ¶ 26. Whether use of the mark PATSY'S OF NEW YORK infringes on IOB Realty's trademark rights is a question of fact beyond the scope of this motion.

The complaint cannot be dismissed on the ground of incontestability because IOB Realty alleges facts that if true would entitle it to relief even under section 1065.

## 2. Laches

Patsy's Brand argues that because IOB Realty was aware of Patsy's Brand's registration for the mark PATSY'S OF NEW YORK for more than ten years before it filed this suit, its complaint should be barred by the doctrine of laches.

As with affirmative defenses generally, a complaint can be dismissed because of laches only "when the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar." George Nelson Found. v. Modernica, Inc., 12 F. Supp. 3d 635, 655 (S.D.N.Y. 2014), quoting Lennon v. Seaman, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999); see McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004), quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if

-8-

the defense appears on the face of the complaint."). Here, laches is not clear on the face of the complaint.

"In order to prevail on the affirmative defense of laches, a defendant must prove that it has been prejudiced by the plaintiff's unreasonable delay in bringing the action." Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996), citing Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V., 17 F.3d 38, 44 (2d Cir. 1994). The only prejudice cited by Patsy's Brand is that for the last ten years it used the mark PATSY'S OF NEW YORK. Defendant's Brief at 11-12. This is not sufficient to establish prejudice because "prejudice ensues when a 'defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed.'" Conopco, 95 F.3d at 192 quoting Goodman v. McDonnell Douglas Corp., 606 F.2d 800, 808 n.17 (8th Cir. 1979).

Patsy's Brand argues that because this suit was filed more than ten years after its mark was registered it need not demonstrate prejudice beyond the mere passage of time and IOB Realty bears the burden to disprove prejudice. Defendant's Brief at 12; Reply at 12-13, citing Conopco, 95 F.3d at 191 ("When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show . . . circumstances exist which require the application of the doctrine of laches. On the other hand, when the suit is brought after the statutory time

has elapsed, the burden is on the complainant to aver and prove the circumstances making it inequitable to apply laches to his case.").

However, "It is well established that 'laches is not a defense against injunctive relief when the defendant intended the infringement.'" Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000), quoting Harlequin Enters. Ltd. v. Gulf & W. Corp., 644 F.2d 946, 950 (2d Cir. 1981); see id., quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, 65 S. Ct. 993, 997 (1945) ("This good-faith component of the laches doctrine is part of the fundamental principle that 'he who comes into equity must come with clean hands.'"). IOB Realty's allegation that Patsy's Brand willfully and in bad faith infringed on IOB Realty's trademark rights, Compl. ¶¶ 22, 27, if true, would defeat a defense of laches. The complaint can therefore not be dismissed on the ground of laches.[5]

### 3. Patsy's Brand is the wrong party

Patsy's Brand argues that the complaint should be dismissed

---

[5] To the extent Patsy's Brand argues that IOB Realty's claim has already been adjudicated in Patsy's Brand's favor by Judge Reyes in Patsy's Italian Rest., Inc. v. Banas, No. 06 Civ. 729 (RER), 2016 WL 146461 (E.D.N.Y. Jan. 12, 2016), and affirmed by the Second Circuit in Patsy's Italian Rest., Inc. v. Patsy's Inc., No. 16-0405-cv, --- F. App'x ----, 2017 WL 219094 (2d Cir. Jan. 19, 2017), see Defendant's Jan. 19, 2017 letter (Dkt. No. 16), in that case the courts merely held that the use of the mark PATSY'S OF NEW YORK fell outside the scope of Judge Reyes's September 9, 2008 injunction, but not that Patsy's Brand had a right to use that mark.

because Patsy's Italian Restaurant, and not it, operates the restaurant under the mark PATSY'S OF NEW YORK. Defendant's Brief at 12.

The complaint alleges, however, that, Compl. ¶ 4:

Patsy's Brand uses, or purports to own and permit others to use to its benefit, the trademarks PATSY'S OF NEW YORK and PATSY'S OF NEW YORK ITALIAN RESTAURANT for restaurant services and conducts business in this Judicial District under these marks, or purports to permit others to conduct business in this Judicial District under these marks.

Denying the truth of a complaint's allegations is not a basis for dismissing the complaint for failure to state a claim upon which relief can be granted. On the contrary, "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." Apotex Inc. v. Acorda Therapeutics, Inc., 823 F.3d 51, 59 (2d Cir. 2016), quoting Littlejohn v. City of N.Y., 795 F.3d 297, 306 (2d Cir. 2015).

## CONCLUSION

Patsy's Brand's motion to dismiss IOB Realty's complaint (Dkt. No. 11) is denied.

So ordered.

Dated: New York, New York
May 15, 2017

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.