ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I.O.B. REALTY, INC.,

                Plaintiff,

- against -

PATSY'S BRAND, INC. and
JOHN DOES 1-10,

                Defendants.

16 Civ. 7682 (LLS)

JUDGMENT

    Defendant Patsy's Brand, Inc. having appealed the July 2, 2018 Judgment, the Court of Appeals having vacated that Judgment by Summary Order on May 6, 2020 instructing this Court to explain its disposition, this Court having complied by Response to Order of Remand on May 8, 2020, and having received the Mandate on May 27, 2020; and

    The Mandate stating that the Court of Appeals had "considered the remainder of Patsy's Brand's arguments and find them to be without merit", this Court finds that:

    The disputes in which the parties and the United States Patent and Trademark Office ("PTO") are at present entangled have their sources in the relationship between the trademark PATSY'S OF NEW YORK for restaurant services and the trademark PATSY'S PIZZERIA which is being denied registration for pizzeria services and for franchising services based on the misconception that it is sufficiently similar to PATSY'S OF NEW YORK to

-1-

produce confusion. In reality

    1. There is no likelihood of confusion between PATSY'S OF NEW YORK and PATSY'S PIZZERIA. Except for the name Patsy's, no word in one appears in the other. It is stipulated that "Neither party produced evidence of actual confusion" (Stipulated Fact 40) and "Neither party entered or otherwise produced survey evidence concerning a likelihood of confusion" (Stipulated Fact 41) between the two marks;

    2. At various times all parties have recognized and asserted the dissimilarity between the marks and the unlikelihood of confusion; and accordingly

    IT IS ORDERED, ADJUDGED, AND DECREED that

    3. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119,* the PTO is directed forthwith to grant Applications numbered 76/649,149 and 77/086,491 and to register the mark PATSY'S PIZZERIA for pizzeria services and for franchising services; and

    4. The Clerk shall certify a copy of this order to the Director of the PTO for compliance herewith; and

---

\* Section 37 of the Lanham Act, 15 U.S.C. § 1119, provides:
    In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

5. The Clerk shall close the case.


Dated:   New York, New York
         June 4, 2020

                                    /s/ Louis L. Stanton
                                    LOUIS L. STANTON
                                        U.S.D.J.